**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2572
_____

JULIAN BARTLEY,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A031-288-747)
Immigration Judge:  Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 17, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed July 18, 2013)
_____

OPINION
_____

PER CURIAM

Julian Bartley, proceeding pro se, petitions for review of a final order of removal.

For the reasons discussed below, we will deny the petition for review.

Bartley, a native and citizen of Jamaica, entered the United States in 1972 as a lawful permanent resident. In 2008, he was convicted in New Jersey of conspiracy to distribute marijuana. See N.J. Stat. Ann. § 2C:5-2a(1). He was later charged as being removable under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony as defined in INA § 101(a)(43)(B) (illicit trafficking in a controlled substance). Bartley applied for deferral of removal under the United Nations Convention Against Torture ("CAT").[1]

During a merits hearing, Bartley testified before the Immigration Judge ("IJ") that he believes he will be targeted upon his return to Jamaica for having cooperated with state authorities during the investigation leading up to his 2008 conviction for marijuana distribution. Bartley explained that he had agreed to assist an associate in a drug transaction in order to raise money for his wedding. However, the authorities became aware of the transaction and arrested Bartley and his associate when they attempted to pick up a package containing drugs. Bartley later agreed to cooperate with detectives in the case against his associate, who also has ties to Jamaica, but the charges against his associate were dropped. Bartley claimed to have been threatened with bodily harm by

---

[1] To qualify for deferral of removal under the CAT, an applicant must satisfy the same requirements for withholding of removal under the CAT. See 8 C.F.R. § 1208.17(a). That is, he must demonstrate that it is more likely than not that he will be tortured if removed to the country in question. See 8 C.F.R. § 1208.16(c)(2). He must also show that the torture will be inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 1208.18(a)(1), (7); Silva- Rengifo v. Att'y Gen., 473 F.3d 58, 70 (3d Cir. 2007).

family members of his associate for having cooperated with police. Bartley testified that he believes he will be severely harmed by friends of his associate if he returns to Jamaica.

Thereafter, the IJ issued an oral decision denying the application because the Judge had "a great deal of trouble . . . believing [Bartley's] testimony," and due to the fact that Bartley had not met his burden of proof. (See Administrative Record ("A.R.") at 279-86.) Bartley timely appealed. In a September 2011 decision, the Board of Immigration Appeals ("BIA" or "Board") remanded the case to the IJ to permit Bartley an opportunity to corroborate his claims that he had cooperated with authorities, and had been threatened by friends of his associate.

On November 2, 2011, following a second merits hearing, during which Bartley and his wife testified, the IJ issued a written decision finding Bartley removable as charged and ineligible for relief from removal. The IJ found that, under the totality of the circumstances, Bartley's testimony was not credible, providing examples of inconsistencies and implausibilities in Bartley's testimony. The IJ also determined that Bartley had not sufficiently corroborated his claims that he had cooperated with authorities, or that he had been threatened by his associate during the criminal proceedings. Alternatively, the IJ also determined that even if Bartley were deemed credible, he had not met his burden of demonstrating a clear probability that he faced torture in Jamaica at the hands or with the acquiescence of the Jamaican authorities. In a May 2012 decision, the Board adopted and affirmed the IJ's decision. This petition for review followed.

Because Bartley has been convicted of an aggravated felony, a determination he

3

does not challenge, our review is limited to constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(C) & (D); Pierre v. Att'y Gen., 528 F.3d 180, 184 (3d Cir. 2008) (en banc). Where, as here, the BIA agrees with the decision and analysis of the IJ while adding its own reasoning, we review both decisions. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009).

Bartley argues that the IJ "arbitrarily" determined that he was not eligible for CAT relief because his associate in the drug case had not been convicted of a crime. We liberally construe this argument as a reviewable due process claim, and exercise plenary review. See Singh v. Gonzales, 432 F.3d 533, 537, 541 (3d Cir. 2006). After reviewing the record, we agree with the BIA that the IJ made no such determination. Although in his first decision the IJ referenced the fact that Bartley's associate had not been convicted of a crime, that decision was reversed and remanded by the Board. In rendering his second decision, the IJ did not rely on that fact in determining Bartley's eligibility for relief. Thus, the claim is without merit.

Bartley also argues that the BIA erred in determining that he did not sufficiently corroborate his claim that he had cooperated with state authorities in their case against his associate. Even if we could reach this question, we need not do so given Bartley's failure to challenge the adverse credibility finding, and the Board's alternative ruling that, even if Bartley had established that he was likely to be tortured, the record did not show that the government in Jamaica would acquiesce to any such torture.

Accordingly, we will deny the petition for review. The Government's motion to strike Bartley's brief is denied.

4